IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN A. NIZIO,

                Plaintiff,                Case No. 3:09 CV 1519

    -vs-

                                                  MEMORANDUM OPINION

CSX TRANSPORTATION, INC.,

                Defendant.

KATZ, J.

    CSX Transportation, Inc. ("Defendant") moves for summary judgment against Stephen A. Nizio ("Plaintiff") on the grounds that Plaintiff fails to establish the elements of a negligence claim under the Federal Employer's Liability Act (FELA), 45 U.S.C.S. § 51 et seq. Also before the Court is Plaintiff's opposition and Defendant's reply. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

## I. BACKGROUND

    Plaintiff has worked for Defendant or one of Defendant's predecessors since June of 1967. (Doc. No. 37-1, p. 6). For the last seven years of his career, Plaintiff worked as a yard conductor (job number Y122). (Doc. No. 37-1, p. 14). Plaintiff stated in his deposition testimony that he first noticed symptoms of carpal tunnel symptoms in early 2002 (*Id*. at 20) but that he only associated his symptoms with carpal tunnel syndrom after he was tested "in a medical truck." (*Id.* at 23). Plaintiff received a report from a Dr. Woodward, whom he never personally saw, after the testing. *(Id*. at 24-25). According to Plaintiff's deposition testimony, he did not receive treatment until 2004, when he saw Dr. Hui after being diagnosed with carpal tunnel syndrome by whomever was manning the medical truck. (*Id.* at 21).

During the course of his employment as a yard conductor, Plaintiff allegedly made numerous oral complaints about the difficulty of operating specific switches, all of which Defendant addressed. (Doc. No. 37-1, pp. 36, 41).

## II. APPLICABLE LEGAL STANDARDS

*A. Summary Judgment Standard.*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

*B. FELA Requirements.*

In order to present a prima facie case under FELA, a plaintiff must prove that:

(1) he was injured within the scope of his employment;

> (2) his employment was in furtherance of the employer's interstate transportation business;
>
> (3) that his employer was negligent; and
>
> (4) that his employer's negligence played some part in causing the injury for which he seeks compensation under FELA.
>
> *Van Gorder v. Grand Trunk W. R.R. Co.*, 509 F.3d 265, 269 (6th Cir. 2007) (internal citations omitted).

FELA contains a negligence standard. *Norfolk Southern Ry. v. Sorrell*, 549 U.S. 158 (2007). In order to survive a summary judgment motion, a plaintiff must "present more than a scintilla of evidence in order to create a jury question on the issue of employer liability, but not much more." *Aparicio v. Norfolk & W. Ry.*, 84 F.3d 803, 810 (6th Cir. 1990).

FELA relaxes an employee's standard of proof regarding causation; therefore, if the railroad were negligent, the employee need only show that its negligence contributed even slightly to his injury. *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957). But, the relaxed causation standard under FELA does not affect the employee's obligation to prove that the employer was in fact negligent. FELA's relaxed causation standard does not lessen an employee's burden to prove the other elements of negligence. *Van Gorder v. Grand Trunk W. R.R. Co.*, 509 F.3d 265, 269 (6th Cir. 2007).

### III. DISCUSSION

*A. Duty to provide a reasonably safe workplace.*

Under FELA, a railroad has a duty to provide its employees with a reasonably safe workplace, but this duty only extends to exercising reasonable care to that end. *Van Gorder*, 509 F.3d at 269. Plaintiff alleges that Defendant failed to provide him with (1) adequate manpower;

(2) adequate tools and equipment to safely perform his job duties; and (3) a timely and adequate comprehensive safety program to prevent or reduce the risk of carpal tunnel syndrome. (Doc. No. 40, p. 1, 14). On this basis, Plaintiff claims that Defendant breached its duty to provide a reasonably safe workplace.

Plaintiff alleges that there was inadequate manpower which in turn impacted upon the Defendant's ability to maintain equipment. Plaintiff stated in his deposition that during the entire time he worked on the ground as a yard conductor only two men were assigned to perform the duties. (Doc. No. 37-1, p. 35). In contrast, Plaintiff recalled that sometime in the 1980s, the standard was a three-man crew. (Id.) He further stated that having fewer men on the ground only meant that each individual would be assigned more work. (Doc. No. 37-1, p. 35).

The Plaintiff also testified that by having fewer workers maintenance was reduced and switches were not oiled as regularly as with the larger crew, causing them to harden and thus were "harder to throw." (Id.) The Plaintiff also testified he made oral complaints to the safety committee regarding switches and "D rails," which he also had to throw on the job. (Id. at p. 36.) Plaintiff testified the tasks he performed which contributed to his condition included throwing switches, D rails and hand brakes. He opined that he threw as few as 10 switches or as many as 50 during an average shift. (Id. at p. 37.) With regard to hand brakes, he testified he "put 50 hand brakes on it a day, taking them on and off, a lot of times up to 50." (Id.) Plaintiff also buckled approximately 50 air hoses in a day.

Plaintiff asserted he made oral complaints on multiple occasions about specific switches, and that within a day or two the railroad would send someone to assess and fix the problem. (Doc. No. 37-1, p. 41). When directly asked about the follow-up to his complaints, Plaintiff stated that

the complaints would be taken care of "most of the time within a day or two, but its been longer than that about certain deals." (Doc. No. 37-1, p. 42). Plaintiff further explained that he could refuse to operate equipment that he thought was unsafe until someone looked at it, and stated that he had in fact refused to operate machinery on at least one occasion by placing a bad order tag on it. (Doc. No. 37-1, p. 42-43).

Regarding the need for a safety program, the Defendant stated in its reply brief, "there is no need for a safety program to address a problem that does not exist." (Doc. No. 41, p. 7). This statement, however, belies CSX's knowledge about the thousands of carpal tunnel claims lodged with their claims department, as alluded to by W. Heath Weldon, CSX's Director of General Claims and formerly CSX's Director of Occupational Claims. (Heath Deposition, Doc. No. 40, Exh. H.) For example, Weldon testified that in 1995 alone, 545 carpal tunnel claims were lodged by employees. In the early 1990s, CSX began investigating whether these claims were work-related and went so far as to hire an outside ergonomist to work on these issues. However, Weldon stated he had not been advised by anyone, either the ergonomist or CSX's medical department, that certain railroad tasks were susceptible to carpal tunnel syndrome.

The Defendant was on notice of carpal tunnel claims by its employees and engaged an outside consultant to ascertain susceptibility of railroad related duties to this medical condition. This knowledge is sufficient to raise a genuine issue of material fact as to CSX's negligence. This Court is mindful of the Sixth Circuit's admonition in another FELA case:

> [I]n FELA cases, a jury question is created if:
>
> the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory

> negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due "in whole or in part" to its negligence.

*Hardyman v. Norfolk & Western Railway Co.,* 243 F.3d 255, 259 (6th Cir. 2001), citing *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 807 (6th Cir. 1996) (citations omitted).

As there exists a question of fact regarding Defendant's negligence, summary judgment is not warranted.

*B. Plaintiff meets the relaxed causation standard for FELA claims*

For claims brought under FELA, there is a relaxed standard of proof for causation to withstand a motion for summary judgment. Defendant asserts that the report of Dr. Hui, Plaintiff's treating physician for carpal tunnel syndrome, is insufficient to establish causation sufficient to withstand a summary judgment motion. The test for establishing whether a Plaintiff shows minimally adequate proof of causation is "whether the proofs justify with reason the conclusion that employer negligence played any part, *even the slightest*, in producing the injury . . . ." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957) (emphasis added).

Expert testimony or evidence may provide a sufficient basis for a conclusion of causation. W.P. Keeton, *The Law of Torts* 269 (5th ed. 1984) (footnotes omitted). Dr. Hui's report, which states that "within the realm of medical probability, I feel Mr. Nizio's bilateral carpal tunnel syndrome is the result of his repetitive use of his upper extremities at work as a railroad conductor" (Plaintiff's Ex. C), is sufficient medical testimony to meet the standard of proof for the causation element of a FELA claim to withstand a Rule 56 motion. *Campbell v. CSX*

*Transportation, Inc.,* 2009 WL 2709280 *5 (2009) citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007).

### III. CONCLUSION

Based upon the foregoing, Defendant's motion for summary judgment (Doc. No. 36) is denied.

IT IS SO ORDERED.

                                             s/ *David A. Katz*
                                             DAVID A. KATZ
                                             U. S. DISTRICT JUDGE